JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KHALIF WILLIAMS, et al | CITY OF HARRISBURG, et al |
| **(b)** County of Residence of First Listed Plaintiff Daughin *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Daughin *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* James, Schwartz & Associates, P.C., 1500 Walnut Street, 21st Floor, Phila. PA 19102 (215)751-9865 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* (For Diversity Cases Only) *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
section 1983 of the Civil Rights Act

Brief description of cause:
Civil rights violations under 1983 and state torts for false arrest, malicious prosecution, assault and battery

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 2,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 07/05/2012 | Jonathan J. James |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIF WILLIAMS<br>NAIM WILLIAMS<br>RASHID GILMORE<br>SHARIFF BLAKE<br>DEANNA BLAKE<br>3907 SCHOOL HOUSE LANE<br>HARRISBURG, PA 17109<br>     PLAINTIFFS,<br> V.<br><br>CITY OF HARRISBURG<br>10 NORTH SECOND STREET<br>HARRISBURG, PA 17101<br><br> AND<br><br>P/O TODD CHANCE  , BADGE NO. 65<br>P/O ERIC CARTER, BADGE NO. 154<br>P/O THOMAS MCGARRITY<br>P/O HUDSON HUGHES<br>P/O LUIS RODRIGUEZ<br>P/O JOHN/JANE DOE 1-10<br>123 WALNUT STREET<br>HARRISBURG, PENNSYLVANIA 17101<br>     DEFENDANTS. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiffs further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

## PARTIES

2. Plaintiff Khalif Williams, at all times relevant to this Complaint, was and is a resident of the City of Harrisburg, in the Commonwealth of Pennsylvania.

3. Plaintiff Naim Williams, at all times relevant to this Complaint, was and is a resident of the City of Harrisburg, in the Commonwealth of Pennsylvania.

4. Plaintiff Rashid Gilmore, at all times relevant to this Complaint, was and is a resident of the City of Harrisburg, in the Commonwealth of Pennsylvania.

5. Plaintiff Shariff Williams, at all times relevant to this Complaint, was and is a resident of the City of Harrisburg, in the Commonwealth of Pennsylvania.

6. Plaintiff Deanna Blake, at all times relevant to this Complaint, was and is a resident of the City of Harrisburg, in the Commonwealth of Pennsylvania, is the mother of the other Plaintiffs named above, and is the owner and operator of a store located at 1501 Herr Street, Harrisburg, PA.

7. Defendant City of Harrisburg, at all times relevant to this Complaint, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Harrisburg Police Department, which employees the below-named police officers.

8. Defendant Todd Chance, at all times pertinent to this Complaint, was and is employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy, custom or practice of the City of Harrisburg and/or its Police Department. He is being sued in his individual capacity.

9. Defendant Eric Carter, at all times pertinent to this Complaint, was and is employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy,

custom or practice of the City of Harrisburg and/or its Police Department. He is being sued in his individual capacity.

10. Defendant Thomas McGarrity, at all times pertinent to this Complaint, was and is employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy, custom or practice of the City of Harrisburg and/or its Police Department. He is being sued in his individual capacity.

11. Defendant Hudson Hughes, at all times pertinent to this Complaint, was and is employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy, custom or practice of the City of Harrisburg and/or its Police Department. He is being sued in his individual capacity.

12. Defendant Luis Rodriguez, at all times pertinent to this Complaint, was and is employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy, custom or practice of the City of Harrisburg and/or its Police Department. He is being sued in his individual capacity.

13. Defendants John/Jane Doe 1-10, at all times pertinent to this Complaint, were employed by the Harrisburg Police Department, acting under color of state law, pursuant to the official policy, custom or practice of the City of Harrisburg and/or its Police Department. They are being sued in his individual capacity.

### FACTUAL ALLEGATIONS COMMON TO AL CAUSES OF ACTION

14. Plaintiff Deanna Blake is the mother of Plaintiffs Khalif Williams, Naim Williams, Rashid Gilmore, and Shariff Blake, and is the owner and operator of a corner store, "D & L Groceries," located at 1501 Herr Street, Harrisburg, PA.

15. On July 11, 2010, Plaintiffs Khalif, Naim, Rashid and Shariff were all at the family store.

16. Defendants Chance, Carter, McGarrity, Hughes, Rodriguez and John Does, who were allegedly responding to a report of a juvenile with a gun several blocks away, arrived at the store.

17. Defendant Chance approached Khalif and did not say a word before he handcuffed Khalif without legal cause or justification.

18. At the same time, one of the Defendants approached Naim at the side non-public entrance and tried to enter the store. When Naim refused him entry, this Defendant placed him in a headlock and then handcuffed him, all without legal cause or justification.

19. Without legal cause or justification, one or several of the Defendants placed Rashid and Shariff in handcuffs.

20. Without legal cause or justification, Defendants Carter and Chance both discharged their Taser guns striking Khalif, who was still handcuffed, causing him to fall backward and strike his head on the pavement.

21. Khalif was picked up and placed in a police vehicle, after which some or all of the Defendants entered the store, without a warrant and without permission or consent, and conducted an unlawful search.

22. Without legal cause or justification, and without a warrant, some or all of the Defendants removed video surveillance equipment and a computer and placed them into police custody.

23. Defendants McGarrity, Hughes, Rodriguez and/or John Does took an active part in the aforementioned unlawful conduct, or did not nothing to prevent or interfere in their fellow Officer's unlawful conduct.

4

24. On or about July 12, 2010, Defendants arrived at 1716 Herr Street, Harrisburg, a residence owned by Plaintiff Deanna Blake and without a warrant or permission or consent, entered the home and conducted an unlawful search.

25. While Naim, Rashid, and Shariff were released without being charged, without legal cause or justification, and based upon the false allegations made by Defendants, Khalif was taken into custody and charged with aggravated assault and resisting arrest.

26. Khalif was detained in the juvenile detention center for 3 days, and thereafter, was placed on a 9:00 PM curfew until June 4, 2012.

27. On June 4, 2012, following an adjudicatory hearing that took place on May 23, 2012, Khalif was found not guilty of all charges

## COUNT I
## FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – Fourth Amendment
## Plaintiff Khalif Williams v. All Defendant Police Officers

28. Plaintiff Khalif Williams hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

29. The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of his civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

30. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff Khalif Williams suffered the following injury and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in his person and property from unreasonable searches and seizures;

    b. Loss of his physical liberty;

5

    c.    Search and seizure of his private property;

    d.    Physical pain, and emotional distress, public humiliation, damage to his reputation, depression and anxiety.

    e.    Economic losses, including but not limited to attorney's fees.

31.    Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff Khalif Williams.

## COUNT II
## FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – Fourth Amendment
## Plaintiff Naim Williams v. All Defendant Police Officers

32.    Plaintiff Naim Williams hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

33.    The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of his civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

34.    As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff Naim Williams suffered the following injury and damages:

    a.    Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in his person and property from unreasonable searches and seizures;

    b.    Loss of his physical liberty;

    c.    Search and seizure of his private property;

    d.    Physical pain, and emotional distress, public humiliation, damage to his reputation, depression and anxiety.

35.    Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against

Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff Naim Williams.

COUNT III
FEDERAL CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth Amendment
**Plaintiff Rashid Gilmore v. All Defendant Police Officers**

36. Plaintiff Rashid Gilmore hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

37. The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of his civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

38. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff Rashid Gilmore suffered the following injury and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in his person and property from unreasonable searches and seizures;

    b. Loss of his physical liberty;

    c. Search and seizure of his private property;

    d. Physical pain, and emotional distress, public humiliation, damage to his reputation, depression and anxiety.

39. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff Rashid Gilmore.

## COUNT IV
## FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – Fourth Amendment
## Plaintiff Shariff Blake v. All Defendant Police Officers

40. Plaintiff Shariff Blake hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

41. The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of his civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

42. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff Shariff Blake suffered the following injury and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in his person and property from unreasonable searches and seizures;

    b. Loss of his physical liberty;

    c. Search and seizure of his private property;

    d. Physical pain, and emotional distress, public humiliation, damage to his reputation, depression and anxiety.

43. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff Shariff Blake.

## COUNT V
## FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 – Fourth Amendment
## Plaintiff Deanna Blake v. All Defendant Police Officers

44. Plaintiff Deanna Blake hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

8

45. The acts of Defendants described herein were committed under color of state law, either directly or through conspiracy whereby Defendants conspired to deprive Plaintiff of her civil rights to be free from unreasonable searches and seizures under the Fourth Amendment.

46. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff Deanna Blake suffered the following injury and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania to be free in her person and property from unreasonable searches and seizures;

    b. Search and seizure of her private property;

    c. Physical pain, and emotional distress, public humiliation, damage to her reputation, depression and anxiety.

47. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff Deanna Blake.

## COUNT V
### FEDERAL CAUSE OF ACTION
### 42 U.S.C. § 1983 -- Monell
### Plaintiffs v. Defendant City of Harrisburg

48. Plaintiffs hereby incorporate the preceding paragraphs of this Complaint, as set forth above.

49. Defendant City of Harrisburg, as a matter of policy or practice, has, with deliberate indifference to the rights of its citizens, including Plaintiffs, failed to:

    a. adequately hire, discipline, train, supervise and/or otherwise direct its employees, including Defendants in this case, concerning the rights of citizens;

    b. establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees, including Defendants in this case; and

      c.     adequately sanction and/or discipline its employees, including Defendants in this case, for violations of the rights of citizens;

hereby causing Defendants, in this case, to engage in the unlawful conduct described herein.

50. As a direct and proximate cause of the actions of Defendant City of Harrisburg, Plaintiffs suffered the following injury and damages:

      a.     Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania;

      b.     Loss of physical liberty;

      c.     Search and seizure of private property;

      d.     Suffer physical pain, and emotional distress, public humiliation, damage to their reputation, depression and anxiety.

      e.     Economic losses

51. Plaintiffs claim damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiffs.

## COUNT VII
## STATE CLAIM - ASSAULT AND BATTERY
### Plaintiff Khalif Williams v. All Defendant Police Officers

52. Plaintiff Khalif Williams incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

53. By the conduct set forth above, by physically restraining and handcuffing Plaintiff, then Tasing him, all without legal cause or justification, Defendants, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

10

54. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

55. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT VIII
## STATE CLAIM - FALSE IMPRISONMENT
## Plaintiff Khalif Williams v. All Defendant Police Officers

56. Plaintiff Khalif Williams incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

57. By the conduct set forth above, including causing Plaintiff to be physically restrained, handcuffed, taken into police custody and charged with criminal activity, all without legal justification or cause, Defendants, jointly and individually, caused and intended to cause Plaintiff to be confined.

58. As a result of the conduct described above, Plaintiff was in fact arrested and confined without probable cause, and without his consent and against his will.

59. Defendants, jointly and individually, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

60. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT IX
## STATE CLAIM - MALICIOUS PROSECUTION
### Plaintiff Khalif Williams v. All Defendant Police Officers

61. Plaintiff Khalif Williams incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

62. By the conduct set forth above, Defendants, individually and jointly, intentionally, recklessly, and maliciously caused a criminal prosecution to be initiated against Plaintiff.

63. Plaintiff was arrested and imprisoned and had to endure the prospect of going to trial in order to prove his innocence. Defendants acted with malice and furthered the prosecution of Plaintiff by providing false information, and/or withholding truthful information, all of which if known would have resulted in no prosecution of Plaintiff.

64. The criminal charges against Plaintiff were terminated in his favor.

65. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish and such other and further losses as are established at trial.

66. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT X
## STATE CLAIM - ASSAULT AND BATTERY
### Plaintiff Naim Williams v. All Defendant Police Officers

67. Plaintiff Naim Williams incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

68. By the conduct set forth above, by physically restraining and handcuffing Plaintiff, all without legal cause or justification, Defendants, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

69. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

70. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT XI
## STATE CLAIM - FALSE IMPRISONMENT
### Plaintiff Naim Williams v. All Defendant Police Officers

71. Plaintiff Naim Williams incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

72. By the conduct set forth above, including causing Plaintiff to be physically restrained, handcuffed, and taken into police custody, all without legal justification or cause, Defendants, jointly and individually, caused and intended to cause Plaintiff to be confined.

73. As a result of the conduct described above, Plaintiff was in fact arrested and confined without probable cause, and without his consent and against his will.

74. Defendants, jointly and individually, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

75. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT XII
## STATE CLAIM - ASSAULT AND BATTERY
### Plaintiff Rashid Gilmore v. All Defendant Police Officers

76. Plaintiff Rashid Gilmore incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

77. By the conduct set forth above, by physically restraining and handcuffing Plaintiff, all without legal cause or justification, Defendants, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

78. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

79. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT XIII
## STATE CLAIM - FALSE IMPRISONMENT
### Plaintiff Rashid Gilmore v. All Defendant Police Officers

80. Plaintiff Rashid Gilmore incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

81. By the conduct set forth above, including causing Plaintiff to be physically restrained, handcuffed, and taken into police custody, all without legal justification or cause, Defendants, jointly and individually, caused and intended to cause Plaintiff to be confined.

82. As a result of the conduct described above, Plaintiff was in fact arrested and confined without probable cause, and without his consent and against his will.

83. Defendants, jointly and individually, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

84. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT XIV
## STATE CLAIM - ASSAULT AND BATTERY
## Plaintiff Shariff Blake v. All Defendant Police Officers

85. Plaintiff Shariff Blake incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

86. By the conduct set forth above, by physically restraining and handcuffing Plaintiff, all without legal cause or justification, Defendants, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

87. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

88. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT XIII
## STATE CLAIM - FALSE IMPRISONMENT
## Plaintiff Shariff Blake v. All Defendant Police Officers

89. Plaintiff Shariff Blake incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

90. By the conduct set forth above, including causing Plaintiff to be physically restrained, handcuffed, and taken into police custody, all without legal justification or cause, Defendants, jointly and individually, caused and intended to cause Plaintiff to be confined.

91. As a result of the conduct described above, Plaintiff was in fact arrested and confined without probable cause, and without his consent and against his will.

92. Defendants, jointly and individually, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

93. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## DAMAGES

94. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as set forth above.

95. Plaintiffs suffered losses including, but not limited to pain and suffering, economic losses, attorney's fees and medical expenses.

96. The conduct of Defendants, individually and jointly, was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiffs, and therefore, warrants the imposition of punitive damages.

WHEREFORE, Plaintiffs requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Such equitable and legal relief as is proper and just.
d. Attorney fees

        Respectfully submitted,

**JAMES, SCHWARTZ & ASSOCIATES, P. C.**
1500 Walnut Street – 21st Floor
Philadelphia, PA 19102
215-751-9865

By:    /s/ Jonathan J. James, JJJ6405
JONATHAN J. JAMES, ESQUIRE
Attorney I.D. #64534
jjames@civilrightspa.com

By:    /s/ Michael C. Schwartz MCS 6449
MICHAEL C. SCHWARTZ, ESQUIRE
Attorney I.D. # 39475
mschwartz@civilrightspa.com

By:    /s/ Jill J. Holden
JILL J. HOLDEN, ESQUIRE
Attorney I.D. #92119
jholden@civilrightspa.com

**ATTORNEYS FOR PLAINTIFF**

Date: July 5, 2012